IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–02220–REB–KMT

DeANGELO HORTON,

    Plaintiff,

v.

EXECUTIVE DIRECTOR ARISTEDES SAVARAS,
AVCF WARDEN MIKE ARELLANO,
AVCF STAFF MEMBER JOHN DOE (Warden Arellano's Designee),
CSP WARDEN SUSAN JONES,
CSP STAFF MEMBER JOHN DOE (Warden Jones' Designee),
AVCF STAFF MEMBER REEVES,
AVCF STAFF MEMBER GRAHAM,
AVCF STAFF MEMBER KURTZ,
AVCF STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day Reviews),
CSP CASE MANAGER DeFUSCO,
CSP COMMITTEE CHAIRMAN OLSON, and
CSP STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day Reviews),

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on review of the file. On September 16, 2009, Plaintiff filed the Complaint (Doc. No. 3), asserting claims against, *inter alia*, Defendant Mike Arellano. On November 3, 2009, Judge Robert E. Blackburn issued an Order Granting Service by the United States Marshals Service. (Doc. No. 10.) On November 24, 2009, the summons issued

for Defendant Arellano was returned unexecuted as the Unites States Marshals Service had been given the wrong address. (Doc. No. 15.)

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It is now well beyond 120 days since the Complaint was filed in this matter, 149 days since the United States Marshals Service was ordered to serve the defendants, and 128 days since the United States Marshals Service attempted to serve Defendant Arellano. To date, Defendant Arellano has not filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action.

On February 8, 2010, this court issued and Order to Show Cause directing Plaintiff to show cause in writing on or before March 1, 2010, why the claims against Defendant Arellano should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. On March 2, 2010, one day after the deadline for Plaintiff to respond to the Order to Show Cause, Plaintiff filed a motion requesting an extension of time to serve Defendant Arellano by publication and requesting that the defendants provide a last known address for Defendant Arellano. (Doc. No. 27.) This court granted Plaintiff's motion in part and granted Plaintiff an extension up to and including April 1, 2010, either to serve Defendant Arellano or to provide the Court with an address at which the United States Marshals Service may serve Defendant Arellano. (Doc. No. 29.) Plaintiff was advised if he is unable to comply with this Order, this

court would recommend dismissal without prejudice of all claims against Defendant Arellano pursuant to Fed. R. Civ. P. 4(m) for lack of service. (*Id.*) On March 31, 2010, Plaintiff filed a letter, apparently in response to the Order to Show Cause, stating he has "done everything [he] possibly can, that's within the legal parameters to be able to serve Mr. Arellano properly." (Doc. No. 30 at 2.) The remainder of Plaintiff's letter addresses the merits of his Complaint and his requests for relief.

An incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the United States Marshals Service for service of the summons and complaint. The United States Marshals Service has attempted service to no avail. The Department of Corrections previously has provided the last known address for Defendant Arellano, and service was not able to be effected at that address. Plaintiff has not effected service or provided sufficient information so that the Court, through the United States Marshal, can effect service on his behalf. The court need not require the United States Marshals Service or the Clerk of the Court to search for Defendant Arellano. As Plaintiff has not provided proof of service of the summons and complaint on Defendant Arellano, Defendant Arellano should be dismissed from this civil action pursuant to Rule 4(m) for failure to effect service.

Accordingly, this court respectfully

RECOMMENDS that the claims against Defendant Mike Arellano be DISMISSED, DISMISSED, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

# ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 1st day of April, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge