IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02220–WJM–KMT

DeANGELO HORTON,

    Plaintiff,

v.

AVCF STAFF MEMBER JOHN DOE (Warden Arellano's Designee),
CSP STAFF MEMBER JOHN DOE (Warden Jones' Designee),
AVCF STAFF MEMBER REEVES,
AVCF STAFF MEMBER GRAHAM,
AVCF STAFF MEMBER KURTZ,
AVCF STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day Reviews),
CSP CASE MANAGER DEFUSCO,
CSP COMMITTEE CHAIRMAN OLSON, and
CSP STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day Reviews),
all defendants in their official and individual capacities,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on "Plaintiff's Motion to Request Reconsideration of [Doc. #44] Magistrate Tafoya's Order Denying Plaintiff's Request to Amend his Complaint." (Doc. No. 47 [Mot.], filed April 7, 2011.) On March 22, 2011, Plaintiff filed a motion to amend his complaint stating that his "original Complaint lacks proper 'Personal Participation' of each named defendant in the Civil Complaint." (*See* Doc. No. 43 at 2.) The court denied this motion

without prejudice because Plaintiff failed to attached a copy of his proposed amended complaint to his motion and the court was unable to determine whether Plaintiff's proposed amendments were permissible. (*See* Doc. No. 44.) The present motion states: "Plaintiff would now attach his amended Prisoners [sic] complaint to this Motion to Reconsider Pursuant to F.R.C.P. Rule 59(e). [sic] and would renew his request for Leave of the Court to Amend his 42 U.S.C. § 1983, under F.R.C.P. 15(a)." (Mot. at 2.) The court construes this motion as a renewed motion for leave to amend.

## STATEMENT OF THE CASE

The following description is taken from Plaintiff's Prisoner Complaint. (Doc. No. 3 [Compl].) Plaintiff was originally housed in the general population of the Arkansas Valley Correctional Facility (AVCF) of the CDOC. (*Id.* at 4.) On June 2, 2008, Plaintiff was removed from the general population and placed into administrative segregation based on a suspicion that he participated in a conspiracy to introduce drugs into AVCF. (*Id.* at 3.) On June 23, 2008, a hearing was held at which Plaintiff was presumably found guilty of the alleged conduct and was "classified as administrative segregation." (*See id.*) Thereafter, on September 8, 2008, Plaintiff was transferred to the Colorado State Penitentiary ("CSP") where he remained in administrative segregation until June 15, 2009. (*Id.*) Plaintiff brings claims under the Fourteenth Amendment for violations of his due process rights arising out of his placement in administrative segregation.

## PROCEDURAL BACKGROUND

Plaintiff filed his Prisoner Complaint on September 16, 2009. On January 4, 2010, Defendants Zavaras, Jones, Reeves, Graham, Kurtz, Defusco, and Olson moved to dismiss the

Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Doc. No. 17.) This court recommended that the motion be granted in part, specifically recommending that the claims against Defendants Zavaras and Jones be dismissed and that all other claims against all other defendants proceed. (Doc. No. 35.) The recommendation was adopted, resulting in the dismissal of Defendants Zavaras and Jones from the case. (Doc. No. 36.)

On December 2, 2010, the court held a preliminary scheduling conference and set the deadline for joining parties and amending the pleadings at January 14, 2011. (Doc. No. 39.) Plaintiff filed his original motion to amend, which was denied without prejudice, on March 22, 2011. (Doc. No. 43.) He filed the present motion on April 7, 2011. (Doc. No. 47.) Defendants filed a response on April 27, 2011. (Doc. No. 55 [Resp.].) The court ordered Plaintiff to reply no later than May 6, 2011. (Doc. No. 54.) On May 9, 2011, Plaintiff filed a document entitled "Plaintiff's Reply to the Magistrates [sic] Denial of Palintiff's [sic] Request for Reconsideration of Denial by the Court for Plaintiff to Ammend [sic] his Prisoners [sic] Complaint 42 U.S.C. 1983" which the court construes as a reply.[1] The motion is ripe for review and recommendation.

## LEGAL STANDARD

Because Plaintiff filed his motion after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify

---

[1] Plaintiff's reply, "asking for the Senior Judge to review the Mgistrate's [sic] Ruling denying the Plaintiff's request to Amend his 42 U.S.C. 1983 Prisoners [sic] Complaint," demonstrates that he misunderstood this court's minute order setting a briefing schedule on his renewed motion to amend as an order denying his request to amend his complaint. This court addresses the substance of Plaintiff's motion for the first time in this recommendation.

3

the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, he must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## ANALYSIS

Plaintiff's motion to amend, filed April 7, 2011, is untimely. Other than his status as a *pro se* inmate, Plaintiff has provided no reason for his delay in seeking leave to amend. (*See* Mot. at ¶ 1.) With regard to Plaintiff's *pro se* status, the court has already determined that Plaintiff is capable of adequately presenting his case without the assistance of counsel at this time. (*See* Doc. No. 26; *see also* Doc. No. 58.) At the preliminary scheduling conference, Plaintiff was reminded that he must comply with all applicable rules of procedure, which include deadlines set by court order. (*See* Doc. No. 39.) In his reply, Plaintiff concedes that his motion is untimely, but argues that the court may use discretion to "freely grant an amending of complaint if JUSTICE SO REQUIRES." (Reply at 3.) Plaintiff has not provided any valid reason for his failure to comply with the deadline for amending the pleadings and, therefore, has not shown good cause to amend the scheduling order.

However, even assuming that good cause exists to amend the scheduling order, leave to amend should not be granted because Plaintiff's proposed amendments are unnecessary and futile.

The proposed amendments appear on pages 5(c)-5(g) of Plaintiff's proposed amended complaint. (*See* Doc. No. 47 at 14-18.) In them, Plaintiff details personal participation by Defendants Reeves, Kurtz, Defusco and Olson. He also identifies Lieutenant Steinbeck as one of the John Does he named in his original complaint. (*See id.* at 14-16.) In response to Plaintiff's motion to amend, Defendants Reeves, Graham, Kurtz, DeFusco and Olson argue that Plaintiff's attempt to add detail concerning the Defendants' personal participation is unnecessary and that

any claims against Lt. Steinbeck are futile as they would be barred by the statute of limitations. (Resp. at 3-6.)

In reply, Plaintiff argues that justice requires that he be granted leave to amend and that he seeks to amend his complaint to correct inadequacies in good faith, and not to prejudice himself or the defendants. (Reply at 3.) Plaintiff does not address Defendants' arguments that Plaintiff's amendments are unnecessary and futile.

The court agrees with Defendants. In their motion to dismiss, Defendants argued that Plaintiff failed to allege personal participation on the part of Defendants Zavaras and Jones, but they did not argue that Plaintiff failed to sufficiently allege personal participation on the part of Defendants Reeves, Graham, Kurtz, DeFusco, or Olson. (*See* Doc. No. 17 at 3-5.) This court found that Plaintiff had alleged facts sufficient to state a due process violation under the Fourteenth Amendment against Defendants Reeves, Graham, Kurtz, DeFusco, and Olson and recommended that Plaintiff's claims against those Defendants proceed. (Doc. No. 35.) That recommendation was adopted. (*See* Doc. No. 36.) As these claims have already survived a motion to dismiss for failure to state a claim, an amendment to add facts alleging personal participation on the part of these defendants is not justified. There is no requirement that a complaint recite every fact that may form the basis for the claims presented. While Plaintiff ultimately will have to prove personal participation to prevail on his claims, Plaintiff need not now amend his complaint to include further allegations of personal participation.

It appears that by his proposed amendments, Plaintiff seeks to substitute Lt. Steinbeck for one of the AVCF John Does. Defendants object that any claims against Lt. Steinbeck would be barred by Colorado's two year statute of limitations and therefore are futile. (*See* Resp. at 5.)

The applicable state statute of limitations provides the limitations period for § 1983 actions. *Gee v. Pacheco*, 627 F.3d 1178, 1189-90 (10th Cir. 2010). In Colorado, civil rights claims brought pursuant to 42 U.S.C. § 1983 are governed by the two-year statute of limitations contained in Colo. Rev. Stat. § 13-80-102. *See* Colo. Rev. Stat. § 13-80-102(1)(g). Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

In his proposed amendments, Plaintiff asserts that Lt. Steinbeck was a security officer at the AVCF. (Doc. No. 47 at 16.) He proposes to allege that, on June 2, 2008, Lt. Steinbeck advised his subordinates to remove Plaintiff and place him in administrative segregation. (*Id.*) Plaintiff further proposes to allege that Lt. Steinbeck was involved in his administrative and disciplinary hearings at AVCF, including a hearing on June 23, 2008, as a result of which Plaintiff lost his privileges and was transferred to the Colorado State Penitentiary. (*Id.* at 14-16.)

According to Plaintiff's original complaint, Plaintiff was transferred to CSP on September 8, 2008. (Compl at 4.) Accordingly, the latest date on which Lt. Steinbeck could have participated in the actions that give rise to Plaintiff's allegations is September 8, 2008. The statute of limitations, therefore, would have expired on September 8, 2010.[2] Plaintiff's motion to

---

[2] This court issued its recommendation regarding Defendants' motion to dismiss on June 11, 2010 (Doc. No. 35), which was adopted by Judge Blackburn on August 24, 2010 (Doc. No.

amend, filed April 7, 2011, was filed more than two years after Plaintiff's potential claims against Lt. Steinbeck accrued.[3]

On April 18, 2011, Plaintiff filed a document entitled "Plaintiff's Reply to Defendant's Counsel [sic] Formal Response Letter Dated April 8th, 2011 and Request for Extension of Time" in which he states that he "requested leave of the Court to Amend Prisoners [sic] Complaint, substituting Defendants Davis and Steinbeck for John and Jane Doe(s) in his Amended Complaint." (Doc. No. 51 at ¶ 2.)  Plaintiff indicates that he "was of the belief that when [sic] the uncovering of defendants John and Jane Doe's identities were available, the newly

---

36), however, a preliminary scheduling conference was not held until December 2, 2010 (Doc. No. 39).  The court notes that Plaintiff first attempted to amend his complaint just over three months later.  Because Plaintiff did not provide his proposed amendments to the court with his first motion to amend, the court is unable to discern whether Plaintiff intended to substitute Lt. Steinbeck at that time.  Assuming he did, it appears that Plaintiff made a good faith effort to determine the identity of the John Does once discovery was underway.  The long delay between the original filing of his complaint on September 16, 2009 and the preliminary scheduling conference on December 2, 2010 could constitute extraordinary circumstances to justify tolling the statute of limitations. *See Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1097 (10th Cir. 1996) (discussing circumstances in which Colorado recognizes equitable tolling); *see also Nasious v. City and Cnty. of Denver-Denver Sheriff's Dep't*, No. 10-1181, 2011 WL 595789 (10th Cir. Feb. 22, 2011) (unpublished) (discussing Colorado equitable tolling principles and finding tolling justified where extraordinary circumstances were created by court); *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (noting that state law governs both limitations and tolling issues).  However, once a statute of limitations defense is raised, the burden shifts to the plaintiff to establish that the statute should be tolled. *See Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 855 (Colo. 1992); *see also Nasious*, 2011 WL 595789, at *3.  Plaintiff did not address Defendants' statute of limitations argument in his reply or make any argument or present any evidence that could be construed in support of tolling the statute of limitations.  Accordingly, Plaintiff has not met his burden to establish that equitable tolling should be applied in this case.

[3] Plaintiff's first motion to amend, which was denied without prejudice for failing to attach the proposed amended complaint, was filed on March 22, 2011.  Even using this date, Plaintiff's proposed amendments are barred by the statute of limitations.

discovered names of Defendants Davis and Steinbeck could be substituted, as Prisoners [sic] Amended Complaint details the personal participation of Defendants Davis and Steinbeck, and how this involvement relates tot his Civil Action."[4]  (*Id.* at ¶ 4.)

A plaintiff seeking to substitute a named defendant for a John or Jane Doe still must satisfy the requirements of Fed. R. Civ. P. 15.  *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (noting that substituting a named defendant for an unknown John Doe constitutes a change in the party being sued); *see also* Fed. R. Civ. P. 15.  It is well known that "John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party being sued." *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2nd Cir. 1999) (internal quotation and citation omitted) (cited with approval in *Garrett*, 362 F.3d at 696).  The substitution of a party relates back to the date of the original complaint if "1) the amended complaint involves the same transaction or occurrence as the original complaint; 2) the new party had notice of the action prior to the expiration of the statue of limitations such that the party will not be prejudiced in maintaining a defense on the merits; and 3) the new party knew or should have known that but for a mistake in identity, the action would have been brought against him." *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1226-27 (10th Cir. 1991).

---

[4] In fact, neither Plaintiff's present motion to amend, nor his proposed amended complaint so much as mention Davis.  Accordingly, to the extent Plaintiff intends to substitute Davis for a John Doe, the motion should be denied on the basis of futility.

The Plaintiff has not demonstrated, argued, or otherwise addressed his burden to show that Lt. Steinbeck had notice of the action prior to the expiration of the statute of limitations on September 8, 2010, or that Lt. Steinbeck knew or should have known that but for a mistake in identity the action would have been brought against him. Without such a showing, Plaintiff's proposed amendment to substitute Lt. Steinbeck for a John Doe, does not relate back to the filing of the original complaint. Accordingly, Plaintiff's proposed allegations against Lt. Steinbeck are futile as they would be barred by the statute of limitations. Therefore, the court recommends that the amendments be denied.

Finally, the court notes that Plaintiff's proposed amended complaint no longer lists "AVCF Staff Member Graham" in the caption. However, the proposed amended complaint continues to make factual allegations against Graham. If Plaintiff seeks to dismiss Defendant Graham from this suit, the proper procedure is to file a motion to dismiss him as a party, rather than filing a proposed amended complaint omitting him from the caption.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Plaintiff's Motion to Request Reconsideration of [Doc. #44] Magistrate Tafoya's Order Denying Plaintiff's Request to Amend his Complaint" (Doc. No. 47) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the

magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this May day of 10th, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge