**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 09-cv-02220-WJM-KMT

DeANGELO HORTON,

    Plaintiff,

v.

AVCF STAFF MEMBER JOHN DOE (Warden Arellano's Designee),
CSP STAFF MEMBER JOHN DOE (Warden Jones' Designee),
AVCF STAFF MEMBER REEVES,
AVCF STAFF MEMBER GRAHAM,
AVCF STAFF MEMBER KURTZ,
AVCF STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day Reviews),
CSP CASE MANAGER DeFUSCO,
CSP COMMITTEE CHAIRMAN OLSON, and
CSP STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day Reviews),
all defendants in their official and individual capacities,

    Defendants.

---

**ORDER OVERRULING OBJECTIONS AND AFFIRMING
THREE ORDERS BY MAGISTRATE JUDGE**

---

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Magistrate Tafoya's Denial of Invitation of Counsel (ECF No. 66), Plaintiff's Request for Reconsideration of Rulings Made in Telephone Conference by Magistrate Tafoya, October 4, 2011 (ECF No. 93), and Plaintiff's Motion to Amend or Alter Judgment by Magistrate Judge Tafoya Order of Denial Doc. No. 100 (ECF No. 103). Although styled differently, these filings constitute objections to three rulings made by U.S. Magistrate Judge Kathleen M. Tafoya, in which she denied Plaintiff appointment of counsel (ECF

No. 58), granted in part and denied in part a motion to compel filed by Plaintiff (ECF No. 92), and denied Plaintiff's request to defer consideration of Defendants' Motion for Summary Judgment (ECF No. 102), respectively.  For the following reasons, Plaintiff's objections are OVERRULED and Magistrate Judge Tafoya's three orders at issue are AFFIRMED.

## I.  LEGAL STANDARD

Magistrate Judge Tafoya's three orders at issue involve non-dispositive matters over which Magistrate Judge Tafoya had the authority to issue final decisions under Federal Rule of Civil Procedure 72.  *See* Fed. R. Civ. P. 72(a) (applying to pretrial matters that are "not dispositive of a party's claim or defense"); *Abu-Shabazz v. Sondervan,* No. AW-03-1012, 2004 WL 1391408, at *1 (D. Md. Feb. 17, 2004) (stating that orders on requests for appointment of counsel and motions to compel discovery are non-dispositive).  Because Plaintiff has filed timely objections to the three orders, this Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) ("Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a 'clearly erroneous or contrary to law' standard of review.").

## III.  BACKGROUND AND ANALYSIS

**A.    Appointment of Counsel**

On April 7, 2011, Plaintiff filed a Renewed Request for the Court to Invite Counsel to Assist the Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  (ECF No. 48.)  28

U.S.C. § 1915(e)(1) provides, "The court may request an attorney to represent any person unable to afford counsel." District courts have discretion whether to appoint counsel in civil cases. *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1181 (10th Cir. 2003). In determining whether to appoint counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

On May 9, 2011, Magistrate Judge Tafoya denied Plaintiff's motion for appointment of counsel, stating,

> Plaintiff has thus far shown an ability to seek and obtain discovery and to bring discovery disputes to the attention of the court. To the extent Plaintiff argues that his lack of legal training and reliance on inmate assistance merit the appointment of counsel, these conditions are not unique and do not constitute special circumstances requiring the appointment of counsel. In addition, the factual and legal issues raised by Plaintiff's claims are not complex, but the allegations of the Complaint do not convince the court that Plaintiff's chances of succeeding on the merits are strong.

(ECF No. 58, at 3.)

On May 17, 2011, Plaintiff timely filed objections to Magistrate Judge Tafoya's order denying counsel. (ECF No. 66.) *See also* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [nondispositive] order within 14 days after being served with a copy."). In the objections, Plaintiff argues that he is legally and mentally challenged and must rely on inmate assistance to prosecute this action, that he has a strong chance of succeeding on the merits because his complaint has been found to state a claim, and that Magistrate Judge Tafoya's continual denials of Plaintiff's motions is proof that he is unable to effective litigate this action. (ECF No. 66.)

3

The Court holds that Magistrate Judge Tafoya's order denying appointment of counsel was not "clearly erroneous or contrary to law." Magistrate Judge Tafoya balanced the factors that must be considered, and her findings as to each factor were not clearly erroneous. Further, the Court notes that if it is later determined that Plaintiff's action has sufficient merit such that Defendant's pending Motion for Summary Judgment should be denied in whole or in part, the Court may revisit the issue of appointment of counsel at that time. *See Marshall*, 345 F.3d at 1181 ("Because we hold that certain of Mr. Marshall's claims survive the Hobbs Defendants' summary judgment motion, on remand the district court should consider whether to appoint counsel to assist him in presenting his surviving claims."). Plaintiff's objections to Magistrate Judge Tafoya's order denying appointment of counsel are overruled. The Court interprets Magistrate Judge Tafoya's order denying Plaintiff's motion for appointment of counsel as a denial without prejudice to re-filing following the Court's ruling on Defendant's Motion for Summary Judgment.

**B.    Motion to Compel**

On June 20, 2011, Plaintiff filed a Combined Motion to Compel (along with "Objections to Defendants' Responses to Plaintiff's First Set of Interrogatories") (ECF No. 72), to which Defendants filed a Response (ECF No. 73), and Plaintiff filed a Reply (ECF No. 77). On August 1, 2011, Magistrate Judge Tafoya held a hearing on the Motion to Compel, and ordered Defendants to submit the relevant documents to the Court for *in camera* review. (ECF No. 79.)

On October 4, 2011, Magistrate Judge Tafoya held another hearing, at which she granted in part and denied in part the Motion to Compel. (ECF No. 92.) Magistrate

Judge Tafoya granted the motion to compel as to the transcript of a particular relevant telephone conversation, but denied the motion to compel as to the vast majority of documents in a file maintained by the Colorado Department of Corrections' Office of the Inspector General ("O.I.G."), stating that the documents

> are protected under the official information privilege . . . . The file contains confidential informant information, written statements, inmate records, and criminal history records that would put the safety of individuals named in the file at risk and will not be produced to the plaintiff.  Plaintiff's interest in discovering the majority of the documents in the O.I.G. file is minimal and defendants have a significant interest in ensuring the procedures used on conducting a criminal or disciplinary investigation are not undermined.

(ECF No. 92, at 2.)

On October 13, 2011, Plaintiff timely filed objections to this order. (ECF No. 93.) *See also* Fed. R. Civ. P. 72(a).  Therein, Plaintiff asks the Court, *inter alia*, to reconsider Magistrate Judge Tafoya's ruling that Defendants will not be required to produce the O.I.G. file, without explaining why the Magistrate Judge's ruling was in error.  (ECF No. 93, at 4 ¶ 12.)  Because Plaintiff has failed to assign specific error to Magistrate Judge Tafoya's ruling as to the O.I.G. file, and because the Court finds that Magistrate Judge Tafoya's ruling was not "clearly erroneous or contrary to law," the Court overrules Plaintiff's objections to this order.  *See Hoodenpyle v. United States*, No. 08-cv-02285, 2009 WL 3202247, at *1 (D. Colo. Sept. 30, 2009) ("In the absence of a specific objection, I will review [the magistrate judge's] recommendation . . . to satisfy myself that there is no clear error on the face of the record.") (quotation marks omitted); *Pappas v. Frank Azar & Assocs., P.C.*, No. 06-cv-01024, 2008 WL 652236, at *2 (D. Colo. Mar. 10, 2008) ("[O]bjections to a Magistrate Judge's ruling must specifically

identify the reasons why the Magistrate Judge's ruling is allegedly in error.").[1]

**C.     Motion to Defer Ruling on Summary Judgment Pending Discovery**

On September 30, 2011, Defendants filed a Motion for Summary Judgment. (ECF No. 89.)  On November 2, 2011, Plaintiff filed a Motion to Postpone Defendant's Summary Judgment Until Discovery Has Been Completed, asking the Court to defer ruling on the Motion for Summary Judgment "so necessary discovery can be completed."  (ECF No. 100, at 2 ¶ 1.) .  (ECF No. 100.)

On November 3, 2011, Magistrate Judge Tafoya denied the Motion, stating,

> Even assuming that Plaintiff's Motion and accompanying Affidavit complies with Fed. R. Civ. P. 56(d) by sufficiently identifying the additional factual information Plaintiff requires to respond to Defendants' Motion for Summary Judgment, the discovery deadline passed on August 30, 2011. Accordingly, discovery has been completed and Plaintiff may no longer seek additional discovery.

(ECF No. 102.)

On November 17, 2011, Plaintiff timely filed objections to the order.  (ECF No. 103.)  *See also* Fed. R. Civ. P. 72(a).  In the filing, Plaintiff claims that he was prejudiced by Magistrate Judge Tafoya's delay in ruling on Plaintiff's previous motion to compel.  The fact that Magistrate Judge Tafoya's order was issued after the close of discovery does not indicate that Plaintiff was somehow thereby prejudiced.  Plaintiff's

---

[1] Plaintiff also objects to the fact that he has had to appear for hearings in this action via telephone and that Magistrate Judge Tafoya's ruling on the motion to compel was made during such a hearing, and argues that he has been prejudiced as a result.  There is no evidence that Plaintiff was prejudiced as a result of having to appear telephonically.  *See Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1156-57 (D. Minn. 2008).  Further, Plaintiff filed detailed briefs in support of his Motion to Compel and Reply, and there is no indication in the record that oral argument on the Motion had any significant impact on Magistrate Judge Tafoya's ruling.  The Court notes that parties litigating an action in this federal district do not even have a right to oral argument on a motion.  *See* D.C.COLO.LCivR 7.1G.

position appears to be that summary judgment may not go forward until Plaintiff gets the discovery that he has wanted all along.  This Court has affirmed Magistrate Judge Tafoya's order on the motion to compel, which determined which discovery Plaintiff would be entitled to and which he would not.  With that decision now final, these proceedings now turn to the summary judgment stage.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiffs' Objections (styled in different ways), filed at ECF Nos. 66, 93, and 103, are OVERRULED;

2. Magistrate Judge Tafoya's Orders, filed at ECF Nos. 58, 92, and 102, are AFFIRMED.

Dated this 14th day of December, 2011.

BY THE COURT:

William J. Martínez
United States District Judge