## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Case No. 09-cv-02220-WJM-KMT

DeANGELO HORTON,

     Plaintiff,

v.

AVCF STAFF MEMBER JOHN DOE (Warden Arellano's Designee),
CSP STAFF MEMBER JOHN DOE (Warden Jones' Designee),
AVCF STAFF MEMBER REEVES,
AVCF STAFF MEMBER GRAHAM,
AVCF STAFF MEMBER KURTZ,
AVCF STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day Reviews),
CSP CASE MANAGER DeFUSCO,
CSP COMMITTEE CHAIRMAN OLSON, and
CSP STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day Reviews),
all defendants in their official and individual capacities,

     Defendants.

---

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
## AFFIRMING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter comes before the Court on U.S. Magistrate Judge Kathleen M. Tafoya's Recommendation ("Recommendation") (ECF No. 63) that this Court deny Plaintiff DeAngelo Horton's motion for leave to amend his 42 U.S.C. § 1983 complaint (ECF No. 47).  Plaintiff has filed Objections to the Recommendation.  (ECF No. 70.)  For the following reasons, Plaintiff's Objections are OVERRULED, and Magistrate Judge Tafoya's Recommendation is AFFIRMED and ADOPTED IN ITS ENTIRETY.  However, the Court also holds that Plaintiff's proposed Amended Complaint shall be considered

as evidence for purposes of responding to Defendants' pending Motion for Summary

Judgment.

## I. BACKGROUND

On September 16, 2009, Plaintiff filed this 42 U.S.C. § 1983 action against

numerous prison officials, challenging Plaintiff's previous placement in administrative

segregation.  (ECF No. 3.)  On January 4, 2010, Defendants filed a Motion to Dismiss.

(ECF No. 17.)  On August 24, 2010, the Court granted in part and denied in part the

Motion to Dismiss, dismissing three defendants from the action, but holding that

Plaintiff's complaint stated a claim as to Defendants Reeves, Graham, Kurtz, DeFusco,

and Olson.  (ECF No. 35, 36.)

On March 22, 2011, Plaintiff filed a Motion to Request Leave of the Court to

Amend his 42 U.S.C. § 1983 Prisoners Complaint.  (ECF No. 43.)  On March 24, 2011,

Magistrate Judge Tafoya denied the Motion without prejudice, given that Plaintiff had

failed to attach to the Motion his proposed amended pleading.  (ECF No. 45.)

On April 7, 2011, Plaintiff re-filed his Motion with his proposed amended

complaint attached.  (ECF No. 47.)[1]  In the Motion, Plaintiff explained that he had

received legal advice in prison which indicated to him that he needed to correct his

complaint to better allege personal participation of the named defendants.  (*Id.*)  The

Court notes that the allegations of Plaintiff's amended complaint are virtually identical to

those in the original complaint except for an added five-page section of allegations

---

[1] Plaintiff's Motion is actually entitled "Plaintiff's Motion to Request Reconsideration of Magistrate Tafoya's Order Denying Plaintiff's Request to Amend his Complaint."  Rather than treating the Motion as a motion for reconsideration, Magistrate Judge Tafoya properly treated the Motion simply as a re-filed motion to amend the complaint.

entitled "Personal Participation of Named Defendants."  (ECF No. 47, at 14-18 (pages 5(c) through 5(g) of the proposed amended complaint).)  That added section detailed further allegations against Defendants Reeves, Kurtz, DeFusco, and Olson, and also added allegations of alleged wrongdoing by a Defendant Steinbeck.  (*See id.*)

On May 10, 2011, Magistrate Judge Tafoya issued a Recommendation recommending that this Court deny Plaintiff's motion to amend.  (ECF No. 63.)  As to Defendants Reeves, Graham, Kurtz, DeFusco, and Olson, the Court recommended that Plaintiff's proposed amendment was unnecessary because the Court had already held that Plaintiff's original complaint stated a claim against those Defendants.  (*Id.* at 6.)  The Court stated, "While Plaintiff ultimately will have to prove personal participation to prevail on his claims, Plaintiff need not now amend his complaint to include further allegations of personal participation."  (*Id.*)  As to Defendant Steinbeck, the Court recommended that Plaintiff's proposed amendment was futile because the claims against Steinbeck would be barred by the applicable two-year statute of limitations, given that (1) the allegations against Steinbeck relate to actions that took place on or before September 8, 2008, (2) Plaintiff's first motion to amend the complaint was filed on March 22, 2011, more than two years after Steinbeck's alleged wrongdoing, and (3) the proposed amended pleading does not relate back to the filing of the original pleading.  (*Id.* at 7-10.)

On May 20, 2011, Plaintiff timely filed Objections to the Recommendation.  (ECF No. 70.)

## II.  LEGAL STANDARD AND ANALYSIS

A motion to amend a pleading is generally viewed as a non-dispositive matter

3

that can be ruled on by a magistrate judge under 28 U.S.C. § 636(b)(1)(A).  *See Franke*

*v. ARUP Labs., Inc.*, 390 F. A'ppx 822, 828 (10th Cir. 2010) ("Mr. Franke's motion to

amend was a nondispositive pretrial matter that the magistrate judge was authorized to

decide pursuant to 28 U.S.C. § 636(b)(1)(A)."); *Lariviere, Grubman & Payne, LLP v.*

*Phillips*, No. 07-cv-01723, 2010 WL 4818101, at *5 (D. Colo. Nov. 9, 2010) ("Generally

a motion to amend a complaint is considered a nondispositive motion because it

involves pretrial matters not dispositive of a claim or defense of a party within the

purview of Fed. R. Civ. P. 72(a).") (quotation marks and brackets omitted).  However,

Magistrate Judge Tafoya did not definitively rule on the motion to amend at issue, but

instead issued a Recommendation for a ruling by this Court.  Also, in the

Recommendation, Magistrate Judge Tafoya informed Plaintiff that he could file timely

and specific objections to the Recommendation under Federal Rule of Civil Procedure

72(b), which relates to dispositive motions.  Thus, in an abundance of caution, the Court

will treat this issue as pertaining to a dispositive matter under Federal Rule of Civil

Procedure 72(b).

Federal Rule of Civil Procedure 72(b)(2) provides, "Within 14 days after being

served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations."  Rule 72(b)(3)

provides, "The district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to."  An objection must be sufficiently

specific so as to enable the "district judge to focus attention on those issues—factual

and legal—that are at the heart of the parties' dispute."  *United States v. 2121 East 30th*

*Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147

4

(1985)).  In the absence of a specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.1991); *see also Hoodenpyle v. United States*, No. 08-cv-02285, 2009 WL 3202247, at *1 (D. Colo. Sept. 30, 2009) ("In the absence of a specific objection, I will review [the magistrate judge's] recommendation . . . to satisfy myself that there is no clear error on the face of the record.") (quotation marks omitted); *Pappas v. Frank Azar & Assocs., P.C.*, No. 06-cv-01024, 2008 WL 652236, at *2 (D. Colo. Mar. 10, 2008) ("[O]bjections to a Magistrate Judge's ruling must specifically identify the reasons why the Magistrate Judge's ruling is allegedly in error.").

Plaintiff's Objections do not sufficiently object (with sufficient specificity) to either of the issues addressed in Magistrate Judge Tafoya's Recommendation.  As to Magistrate Judge Tafoya's conclusion that Plaintiff need not amend claims against Defendants Reeves, Graham, Kurtz, DeFusco, and Olson because those claims in the original complaint have already been found to state a claim, Plaintiff makes absolutely no objection addressing this issue.  Further, Magistrate Judge Tafoya's rationale and ruling are correct.

However, as Magistrate Judge Tafoya points out in the Recommendation, "Plaintiff ultimately will have to prove personal participation [of these Defendants] to prevail on his claims."  (ECF No. 63, at 6.)  The Court notes that Defendants have now filed a Motion for Summary Judgment in this action, in which Defendants argue, *inter alia*, that there is no triable issue as to the personal participation of these Defendants. (ECF No. 89, at 7-9.)  Plaintiff has now filed a Response to the Motion for Summary Judgment.  (ECF No. 111.)  As one exhibit to his Response, Plaintiff attaches his own

5

affidavit.  (*Id.* at 37-48.)  However, the Court notes that this affidavit does not contain the

material added to Plaintiff's proposed ***and verified*** amended complaint, in which

Plaintiff details additional allegations of personal participation of the named defendants.

(ECF No. 47, at 14-18 (pages 5(c) through 5(g) of the proposed amended complaint).)

Because Plaintiff is a *pro se* prisoner, and in the interests of justice, the Court hereby

rules that Plaintiff's proposed Amended Complaint, filed at ECF No. 47 at 4-22, shall be

considered as a supplemental affidavit in opposition to Defendant's Motion for Summary

Judgment, and shall hereby be incorporated into Plaintiff's Response to the Motion for

Summary Judgment.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991) (a

plaintiff's complaint is treated like an affidavit so long as it "alleges facts based on the

plaintiff's personal knowledge and has been sworn under penalty of perjury.").

As to Magistrate Judge Tafoya's recommendation that Plaintiff's claims in the

proposed Amended Complaint against Defendant Steinbeck are futile as barred by the

statute of limitations, Plaintiff's Objections also fail to specifically challenge this

recommendation.  As to this recommendation, Plaintiff's Objections only state, "Plaintiff

would specifically object to Magistrate's adoption of Defendants' argument of (2) Two

year time limitation made in their Response:  verbatim verbage, and argument to

Lieutenant Steinbeck . . . .   Magistrate is not to be an advocate for pro se litigant nor

attorney general."  (ECF No. 70, at 4 ¶ 15.)  This argument does not sufficiently call into

question the Magistrate Judge's findings that (1) the allegations against Steinbeck relate

to actions that took place on or before September 8, 2008, (2) Plaintiff first proposed to

amend his complaint on March 22, 2011, more than two years after Steinbeck's alleged

actions, and (3) the proposed amended pleading does not relate back to the filing of the

6

original pleading.  (*Id.* at 7-10.)  Further, the Court's indepedent review indicates that these findings are correct, and therefore that Plaintiff's claims against Steinbeck would be barred by the applicable two-year statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.    Plaintiffs' Objections to Magistrate's Recommendation and Findings (ECF No. 70) are OVERRULED;

2.    Magistrate Judge Tafoya's Recommendation (ECF No. 63) is AFFIRMED and ADOPTED IN ITS ENTIRETY; and

3.    Plaintiff's proposed Amended Complaint, filed at ECF No. 47 at 4-22, shall be considered an affidavit for purposes of consideration of Defendant's Motion for Summary Judgment, and shall be incorporated into Plaintiff's Response to the Motion for Summary Judgment, filed at ECF No. 111.

Dated this 14th day of December, 2011.

BY THE COURT:

William J. Martínez
United States District Judge