IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02220–WJM–KMT


DeANGELO HORTON,

     Plaintiff,

v.

AVCF STAFF MEMBER JOHN DOE (Warden Arellano's Designee),
CSP STAFF MEMBER JOHN DOE (Warden Jones' Designee),
AVCF STAFF MEMBER REEVES,
AVCF STAFF MEMBER GRAHAM,
AVCF STAFF MEMBER KURTZ,
AVCF STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day
Reviews),
CSP CASE MANAGER DEFUSCO,
CSP COMMITTEE CHAIRMAN OLSON, and
CSP STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day
Reviews),
all defendants in their official and individual capacities,

     Defendants.

---

# ORDER

---

     This matter is before the court on Plaintiff's "Motion Requesting Telephone Conference

Transcripts Pursuant to 18 U.S.C. § 3006(A)." (Doc. No. 126, filed Feb. 2, 2012 [Mot.].) In his

Motion, Plaintiff seeks, at the court's expense, transcripts of several hearing that Plaintiff

participated in telephonically. (*See id.*) Specifically, Plaintiff appears to seek transcripts of

hearings that took place on August 1, 2011, and January 4, 2012. Plaintiff also seeks a transcript

of a May 12, 2011 hearing; however, the court notes that the motion hearing set for that date was subsequently vacated.  (*See* Doc. No. 57, filed May 9, 2011, at 4.)

At the outset, the court notes that 18 U.S.C. § 3006A, the statute Plaintiff cites in support of his argument that he is entitled to transcripts at the court's expense, applies only in criminal cases.  *See United States v. Osuna,* 141 F.3d 1412, 1414 (10th Cir. 1998).  Therefore, § 3006A is inapplicable to this matter.

"In civil litigation a plaintiff is not entitled to a transcript as a matter of right."  *Evans v. City of Tulsa,* 951 F.2d 1258, 1992 WL 2882, at *2 (10th Cir. Jan. 7, 1992) (unpublished table opinion).  Plaintiff was granted leave to proceed *in forma pauperis* in this matter.  (Doc. No. 5, filed Oct. 6, 2009.)  The *in forma pauperis* statute, 28 U.S.C. § 1915, allows the court to direct payment by the United States of the expenses of "preparing a transcript of proceedings before a United States magistrate judge in any civil . . . case, if such transcript is required by the district court, in the case of proceedings conducted under [28 U.S.C. §] 636(b)."  28 U.S.C. § 1915(c)(2).  Notably, the statute does not entitle an indigent plaintiff to obtain a copy of a hearing transcript for his own general use.  *Novosel v. Wrenn,* 10-cv-165-PB, 2011 WL 1085683, at *3 (D.N.H. Mar. 24, 2011) (unpublished).  Rather, the statute expressly limits the court's authority to charge the United States for transcription expenses where *the district court* requires a transcript to review matters considered by a magistrate judge.  *Doe v. Pryor,* 61 F. Supp.2d 1235, 1236 (M.D. Ala. 1999).

The court acknowledges that it issued a Recommendation that Defendants' Motion for Summary Judgment be granted.  (Doc. No. 119, Jan. 3, 2012).  That Recommendation is now

pending before District Judge William J. Martinez.  And it appears that Plaintiff seeks the hearing transcripts in order to object to this Recommendation.  (Mot. ¶ 8.)

However, District Judge Martinez has not indicated that he requires the transcripts sought by Plaintiff to review that Recommendation.  *See* § 1915(c)(2).  And the court otherwise finds that the transcripts Plaintiff seeks are entirely irrelevant to the Recommendation.  The Recommendation contains *in writing* all of the recommended bases for granting Defendants' Motion for Summary Judgement and in no way relies on the transcripts Plaintiff seeks.  (*See* Doc. No. 119.)  Should District Judge Martinez disagree, and find that he requires these transcripts to dispose of Defendants' Motion for Summary Judgment, *he* may request the transcripts pursuant to § 1915(c)(2) and order that copies of those transcripts be provided to Plaintiff at that time.  Altogether, the court finds that Plaintiff has failed to demonstrate he is entitled to transcripts of proceedings that took place on August 1, 2011 and January 4, 2012.

Therefore, it is

ORDERED that Plaintiff's "Motion Requesting Telephone Conference Transcripts Pursuant to 18 U.S.C. § 3006(A)" (Doc. No. 126) is DENIED.

Dated this 8th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge