**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 09-cv-02220-WJM-KMT

DeANGELO HORTON,

      Plaintiff,

v.

AVCF STAFF MEMBER REEVES, in his individual and official capacities,
AVCF STAFF MEMBER KURTZ, in his individual and official capacities,
CSP CASE MANAGER DeFUSCO, in his individual and official capacities,
CSP COMMITTEE CHAIRMAN OLSON, in his individual and official capacities,
AVCF STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30
Day Reviews), and
CSP STAFF MEMBERS JOHN AND/OR JANE DOES (Committee Members for 30 Day
Reviews),

      Defendants.

---

## ORDER

---

      This matter is before the Court on U.S. Magistrate Judge Kathleen M. Tafoya's

Recommendation ("Recommendation") (ECF No. 119) that this Court grant the

Amended Motion for Summary Judgment filed by Defendants DeFusco, Kurtz, Olson,

and Reeves (ECF No. 89).  The Recommendation also recommends that the Court

dismiss *sua sponte* Plaintiff's claims against the remaining unnamed John and Jane

Doe defendants.  Plaintiff has filed Objections to the Recommendation, in which he not

only objects to the Recommendation, but also challenges several prior Orders of this

Court.  (ECF No. 135.)

      This matter is also before the Court on Plaintiff's appeal (ECF No. 134) of

Magistrate Judge Tafoya's Order (ECF No. 130) denying Plaintiff's Motion Requesting

Telephone Conference Transcripts Pursuant to 18 U.S.C. § 3006(A) (ECF No. 126).

## I.  BACKGROUND

On September 16, 2009, Plaintiff filed this 42 U.S.C. § 1983 action against numerous prison officials and John and Jane Doe defendants, bringing two due process claims challenging Plaintiff's placement in administrative segregation ("Ad-Seg") in June 2008, and his retention in Ad-Seg through June 2009, for allegedly conspiring to smuggle drugs into Arkansas Valley Correctional Facility ("AVCF").  (ECF No. 3.)[1]

On August 24, 2010, my colleague U.S. District Judge Robert E. Blackburn granted in part and denied in part Defendants' Motion to Dismiss, holding that Defendants Arellano, Jones, and Zavaras would be dismissed from the action, but that Plaintiff's other claims could go forward (against Defendants Reeves, Kurtz, Graham, DeFusco, Olson, and the John and Jane Doe defendants).  (ECF No. 36.)  On May 17, 2011, Plaintiff filed a motion to voluntarily dismiss Defendant Graham from the action (ECF No. 64), which this Court granted on May 19, 2011 (ECF No. 69).  Thus, the only claims that remain are those brought against Defendants Reeves, Kurtz, DeFusco, Olson, and the Doe defendants.[2]

---

[1] In September 2008, Plaintiff was transferred from AVCF to Colorado State Penitentiary ("CSP"), where he remained in Ad-Seg until June 2009.

[2] Plaintiff only sought to amend his Complaint once during the course of this action, and that proposed Amended Complaint only named these same defendants:  Reeves, Kurtz, DeFusco, Olson, and John and Jane Does.  (ECF No. 47, at 4-20.)  Although Plaintiff was denied leave to amend, the Court held that this proposed Amended Complaint would be treated as an affidavit for purposes of opposing summary judgment.  (ECF No. 113.)

## II.  DISCUSSION

### A.    Summary Judgment

#### 1.    Background

On September 30, 2011, Defendants moved for summary judgment.  (ECF No. 89.)  On December 5, 2011, Plaintiff filed his Response (ECF No. 111), and on December 16, 2011, Defendants filed their Reply (ECF No. 114).

On January 3, 2012, Magistrate Judge Tafoya issued her Recommendation, recommending that the Court grant the Motion for Summary Judgment on the grounds that: (1) as to Plaintiff's due process claim challenging his original placement in Ad-Seg, Defendants DeFusco and Olson could not have participated in those decisions because they were officials at CSP, not AVCF, and that there was no genuine issue of material fact as to whether Defendants Reeves and Kurtz personally participated in issuing the notice or presiding over the hearing in which the decision was made to place him in Ad-Seg; and (2) as to Plaintiff's due process claim challenging the periodic decisions to keep him in Ad-Seg between June 2008 and June 2009, Defendants Reeves, Kurtz, DeFusco and Olson were entitled to qualified immunity.  (ECF No. 119.)

On January 31, 2012, Plaintiff filed a Motion for Enlargement of Time to object to the Recommendation.  (ECF No. 125.)  Magistrate Judge Tafoya granted the request, giving Plaintiff until March 4, 2012 to file objections.  (ECF No. 128.)  On March 2, 2012, Plaintiff filed his Objections to the Recommendation.  (ECF No. 135.)

#### 2.    Legal Standards

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

When, as here, "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden on a motion for summary judgment by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotation marks omitted). If the movant meets this burden, the burden shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671 (quotation marks omitted).

Federal Rule of Civil Procedure 72(b)(2) provides, "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Rule 72(b)(3) provides, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." An objection must be sufficiently specific so as to enable the "district judge to focus attention on those issues—factual

4

and legal—that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.1991).

### 3.    Analysis

Although Plaintiff did not file timely Objections to the Recommendation (even his Motion for Enlargement of Time was filed after the deadline to file Objections), the Court will review the Recommendation *de novo*. After such *de novo* review, the Court concludes that Magistrate Judge Tafoya's analysis of the issues was thorough and her conclusions were correct.

As to Plaintiff's first due process claim challenging his original placement in Ad-Seg at AVCF, Plaintiff's Objections do not challenge the conclusion that Defendants DeFusco and Olson could not have personally participated in this decision because they were officials at CSP, not AVCF. Further, the Recommendation is correct that there is no genuine issue of material fact as to whether Defendants Reeves and Kurtz either issued the notice of the hearing, or personally participated in the hearing and decision that Plaintiff be placed in Ad-Seg.[3]

---

[3] Plaintiff's declaration stating that Defendants Reeves and Kurtz "were the hearing board officer(s)" (ECF No. 47, at 5(d)) does not create a *genuine* issue of material fact as to their personal participation in the decision to place Plaintiff in Ad-Seg, given all of the following considered together: (1) Carl Trujillo's Affidavit states that he, H. Campbell, and C. Enriquez presided over the hearing and made the placement decision (ECF No. 89-1, ¶ 3); (2) the Classification Summary, attached to Trujillo's Affidavit, and signed by Trujillo and Plaintiff shortly after the hearing took place, confirms that Trujillo, Campbell, and Enriquez presided over the hearing (ECF No. 89-1, at 13 of 40); and (3) Plaintiff's own later-filed Affidavit appears to controvert his earlier allegation by stating that "[o]n June 23, 2008 hearing was conducted by 3

As to Plaintiff's second due process claim, challenging the inadequacies of the periodic reviews that kept him in Ad-Seg for a year, there are serious questions as to whether a constitutional violation occurred here due to the apparent failure to meaningfully inform Plaintiff regarding the reasons that his Ad-Seg placement was being extended at each periodic review.  *See Toevs v. Reid*, 646 F.3d 752, 755-60 (10th Cir. 2011).  Indeed, the Ad-Seg review process at issue in this case is the same one that was at issue in *Toevs*.  However, *Toevs* was the first governing case to hold that the process afforded under that review process was constitutionally inadequate. *See id.* at 760-61.  On that basis, *Toevs* held that the defendants there were entitled to qualified immunity because, between 2005 and 2009 when the challenged actions occurred, the law was not clearly established that the review process was constitutionally inadequate (the law was not clearly established until *Toevs* was decided in June 2011).  The result here must necessarily be the same:  the challenged actions here took place between June 2008 and June 2009, at a time when the law was not clearly established regarding the unconstitutionality of the Ad-Seg review process. Therefore, Defendants are entitled to qualified immunity on Plaintiff's due process claim challenging the periodic reviews that kept him in Ad-Seg until June 2009.  *See id.* at 760-61.

Defendant's Amended Motion for Summary Judgment is properly granted.

---

unknown chairman" (ECF No. 111, ¶ 18).  In Plaintiff's Objection, he argues that "[p]ersonal participation was an orchestrated switching of parties who signed documents, spoilation of Audio Tapes of Administrative Segregation and Disciplinary hearing to avoid true identification of proper parties."  (ECF No. 135, at 3.)  Because this conclusory allegation is unsupported by any buttressing evidence or information, the Court rejects it.

**B.**   ***Sua Sponte* Dismissal of Claims Against Doe Defendants**

Magistrate Judge Tafoya also recommended that the Court dismiss *sua sponte* Plaintiff's claims against the Doe Defendants.  The Court agrees.  This action has been ongoing since September 2009.  The deadline to amend pleadings passed on January 14, 2011.  (*See* ECF No. 39.)  The discovery deadline passed on August 30, 2011. (*See* ECF No. 57.)  The Final Pretrial Conference was held on February 14, 2012 (ECF No. 131), and trial is now set (ECF No. 133).  Despite this, Plaintiff only moved once to amend his Complaint, and when he did so he actually *narrowed* the list of named Defendants, and more importantly did nothing to more specifically identify the Doe defendants.  (ECF No. 47.)  Further, as pointed out in the Recommendation, even if Plaintiff were now able to specifically identify any Doe Defendants, claims against those Defendants brought in an amended complaint would be time-barred.  *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).  The only argument Plaintiff makes in his Objections on this point is that the Court "deter[red] plaintiff from amending to rename Does," without any further explanation.  (ECF No. 135, at 7.)  This Objection is overruled, and the Doe defendants are hereby dismissed from the action.

**C.**   **Other Objections Made**

In Plaintiff's Objections, he also asks the Court to re-evaluate previously decided matters, such as the Court's rulings affirming Magistrate Judge Tafoya's recommendations and orders concerning Plaintiff's Motion to Amend, Motion to Compel, and request to defer consideration of the Motion for Summary Judgment.  (*Id.* at 7-9.) The Court construes these objections as a motion for reconsideration of the Magistrate Judge's prior rulings.  Having so considered them, the Court concludes that Plaintiff has

7

not provided legitimate bases to call into question the propriety of these previous rulings.  Therefore, the Court denies Plaintiff's motion for reconsideration.

**D.**      **Appeal of Order Denying Motion Requesting Telephone Transcripts**

Plaintiff has also filed what is styled as a Rule 59(e) Motion "to Alter or Amend Magistrate's Ruling on Plaintiff's Motion Requesting Telephone Conference Transcripts."  (ECF No. 134.)  Because Magistrate Judge Tafoya's Order denying Plaintiff's Motion for transcripts of certain hearings held by Magistrate Judge Tafoya was not a judgment or a dispositive matter, the Court construes this Motion as an appeal of a non-dispositive matter ruled on by Magistrate Judge Tafoya.  Under Fed. R. Civ. P. 72(a), this Court reviews that decision under a "clearly erroneous" or "contrary to law" standard.

As Magistrate Judge Tafoya held, the transcripts from certain hearings before Magistrate Judge Tafoya (none of which was an oral argument on the Motion for Summary Judgment) would not assist this Court in its resolution of Defendants' pending Motion for Summary Judgment.  Indeed, in order to effectively oppose summary judgment, Plaintiff needed to "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  *Adler*, 144 F.3d at 671.  What was said orally at hearings before Magistrate Judge Tafoya is not evidence that can effectively oppose summary judgment.  Magistrate Judge Tafoya did not clearly err in denying Plaintiff's Motion Requesting Telephone Conference Transcripts.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

8

1.     Plaintiff's Objections to Magistrate [Judge]'s Recommendations and Rulings (ECF No. 135) are OVERRULED;

2.     Plaintiff's motion for reconsideration contained within those Objections is DENIED;

3.     Plaintiff's Motion to Alter or Amend Magistrate [Judge']s Ruling on Plaintiff's Motion Requesting Telephone Conference Transcripts (ECF No. 134) is DENIED;

4.     Magistrate Judge Tafoya's Recommendation (ECF No. 119) is AFFIRMED and ADOPTED IN ITS ENTIRETY;

5.     Defendants' Amended Motion for Summary Judgment (ECF No. 89) is GRANTED;

6.     The Court dismisses *sua sponte* Plaintiffs' claims against unnamed John and Jane Doe defendants;

7.     This action is hereby DISMISSED WITH PREJUDICE;

8.     Each side shall bear their own costs.

Dated this 30th day of March, 2012.

BY THE COURT:

William J. Martínez
United States District Judge